IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRENDA JOYCE BOGGESS, Executrix of
the Estate of Ronald Lee Boggess,

    Plaintiff,

v.                                             Civil Action No. 1:09CV168
                                                                   (STAMP)

GERARDO C. LOPEZ, M.D. and
UNITED STATES OF AMERICA,
jointly and severally,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING UNITED STATES' MOTION TO DISMISS AND
REMANDING REMAINING CLAIMS AGAINST GERARDO C. LOPEZ, M.D.,
DENYING WITHOUT PREJUDICE DEFENDANT GERARDO C. LOPEZ, M.D.'S
MOTION TO SET A MEDICAL PROFESSIONAL LIABILITY ACT STATUS
CONFERENCE AND TO FIND THAT EXPERT TESTIMONY
IS REQUIRED IN THIS MATTER AND
DENYING AS MOOT JOINT MOTION TO STAY THE FIRST
ORDER AND NOTICE REGARDING DISCOVERY AND SCHEDULING**

I.   Background

The plaintiff, Brenda Joyce Boggess, Executrix of the Estate of Ronald Lee Boggess ("Mr. Boggess"), commenced this civil action in the Circuit Court of Harrison County, West Virginia.[1] The plaintiff alleges that defendants George Shehl, M.D. ("Dr. Shehl") and Gerardo C. Lopez, M.D. ("Dr. Lopez") negligently prescribed Mr. Boggess a drug known as amiodarone, which was a substantial contributing factor and proximate cause of Mr. Boggess' death. The

---

[1]This civil action was timely removed to this Court.

complaint contends that the defendants deviated from acceptable standards of medical care in their treatment of the Mr. Boggess.[2]

Thereafter, the United States filed a notice of substitution seeking to substitute the United States as a party defendant in the place of Dr. Shehl pursuant to the terms of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq.  In support of this notice, the United States indicated that the plaintiff seeks money damages for alleged negligent acts that Dr. Shehl committed while he was an employee of the United States.  Pursuant to 28 U.S.C. § 2679(d)(2), the Acting United States Attorney for the Northern District of West Virginia certified that Dr. Shehl was acting within the scope of his employment at the time that the alleged incidents occurred.  Accordingly, on January 25, 2010, the United States was substituted as a party defendant in this case in place of Dr. Shehl.

The United States then filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to which the plaintiff filed a response, and the United States did not reply. Defendant Dr. Lopez also filed a motion to set a Medical Professional Liability Act status conference, pursuant to West Virginia Code § 55-7B-6b, and to find that expert testimony is required in this matter.  The United States did not file a response.  Also before this Court is the parties' joint motion to

---

[2] In accordance with the applicable standard of review, stated below, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

stay the deadlines contained in the first order and notice regarding discovery and scheduling entered on December 29, 2009.

For the reasons set forth below, this Court grants the United States' motion to dismiss and remands the remaining claims against Dr. Lopez, denies without prejudice Dr. Lopez's motion to set a status conference and find that expert testimony is required, and denies as moot the joint motion to stay the deadlines contained in the first order and notice.

## II. Applicable Law

The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the

trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

III. Discussion

A. Motion to Dismiss

In its motion to dismiss, the United States argues that this Court lacks subject matter jurisdiction over this case because Dr. Shehl is an employee of the United States, and the plaintiff failed to exhaust her administrative remedies under the FTCA before filing a civil action against him.

The plaintiff responds that at the time this civil action was filed she was unaware whether Dr. Shehl was an employee of the United States or an independent contractor. As such, the plaintiff agrees that if Dr. Shehl is an employee of the United States that this Court lacks subject matter jurisdiction. Nevertheless, because the co-defendant, Dr. Lopez, is an independent contractor to which the FTCA does not apply, the plaintiff requests that this Court remand the plaintiff's claims against Dr. Lopez to the state court, rather than dismiss the entire case.

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would

4

be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Moreover, the FTCA provides that an action against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. See 28 U.S.C. § 2679.

The disposition of a tort claim by a federal agency is a prerequisite to initiating an action in the district court. 28 U.S.C. § 2675. Section 2675(a) states that:

> [a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . the failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Failure to completely exhaust administrative remedies before filing an FTCA claim, however, is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. McNeil v. United States, 508 U.S. 106, 122 (1980). A prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." Id. at 106.

Here, the plaintiff filed an administrative tort claim with the United States Department of Veterans Affairs ("VA") on October 28, 2009. Thereafter, on or about November 30, 2009, the plaintiff

filed the above-styled civil action in state court. Because the plaintiff filed this action before the VA denied or adjudicated her administrative remedies and before the passage of the six-month period which would implicate statutory presumption of denial, this Court finds that the plaintiff has failed to exhaust her administrative remedies for her claims against Dr. Shehl. Accordingly, those claims must be dismissed. Indeed, the plaintiff concedes as much in her response to the United States' motion to dismiss.

Nevertheless, this Court agrees with the plaintiff that this case should not be dismissed in its entirety, but rather remanded to the Circuit Court of Harrison County, West Virginia, to proceed on the claims against Dr. Lopez. In <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 353-54 (1988), the Supreme Court indicated that remand is preferable to dismissal when the court lacks jurisdiction over the case because such action "may best promote the values of economy, convenience, fairness, and comity." Because this Court has dismissed the federal claims upon which federal jurisdiction was based, the Court finds it appropriate to remand the state law claims against Dr. Lopez to the state court.

B. <u>Motion to Set Status Conference and Find that Expert Testimony is Required</u>

Lacking subject matter jurisdiction, this Court cannot decide Dr. Lopez's motion to set a status conference and find that expert testimony is required in this matter under the Medical Professional

Liability Act.  Accordingly, Dr. Lopez's motion is denied without prejudice so that he my refile the motion in state court, if it is appropriate to do so.

C. <u>Joint Motion to Stay Deadlines in First Order and Notice</u>

In light of this Court's holding on the United States' motion to dismiss, the parties' joint motion to stay the deadlines contained in the first order and notice is denied as moot.

## IV. <u>Conclusion</u>

For the reasons set forth above, the United States' motion to dismiss is GRANTED.  Furthermore, Dr. Lopez's motion to set status conference and find that expert testimony is required is DENIED WITHOUT PREJUDICE, and the parties' joint motion to stay the deadlines contained in the first order and notice is DENIED AS MOOT.  It is ORDERED that the remaining claims against Dr. Lopez be REMANDED to the Circuit Court of Harrison County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to the Clerk of the Circuit Court of Harrison County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      January 29, 2010

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE